JAMES COCKS v. EDMUND J. HART.

Where neither the execution or transfer of a note sued on is put in issue, and there is no general denial, the plaintiff cannot complain of a failure to read the note in evidence, or to offer it to him for inspection, before the commencement of the argument to the jury.

Appeal from Harris. Tried below before the Hon. Peter W. Gray.

Suit by appellee against appellant on note and account to Henry Sampson, with allegation that plaintiff was a partner of Sampson, at the time, and that Sampson had since sold and transferred the note and account to him. The note and account were copied in the petition. Answer of general demurrer, and plea claiming a credit for a certain amount. Verdict and judgment for plaintiff. No statement of facts. Bill of exceptions as follows :

Be it remembered that on the trial of this suit the plaintiff introduced McGregor as a witness, who testified that he was clerk of Henry Sampson ; that the plaintiff was a member of the firm, or connected in his business with said Sampson, and that the firm was dissolved in July, 1853, and, upon that dissolution, the note sued on, (held in the hands of the plaintiff's attorney, and examined by the witness to whom it was

handed for that purpose,) was transferred to the plaintiff together with the account sued on, and that the account sued on was a true copy from Henry Sampson's books. The witness was then sent by plaintiff's attorney for the books, and the note testified about was not read in evidence, nor handed to defendant's attorney for that purpose. Another witness was then introduced, who testified that defendant had admitted the account to be correct, but claimed an offset, $96, by an assumption on the part of Sampson, and something was said by defendant's attorney, in that conversation as to their claim, that the credit stated in the account, ought to be applied to the note. The case was then submitted, before the return of McGregor, to the jury, the defendant insisting on the case proceeding, and the Court unwilling to delay; and the plaintiff's attorney, in argument to the jury, spoke of, or alluded to, the note sued on, as in evidence, and the defendant's attorney in reply remarked or contended that it was not in evidence, when the Court observed that it so considered it; when defendant's counsel insisted that it had neither been read in evidence, nor had it been tendered to the adverse counsel for them to except to the same. Whereupon the Court ruled, during the argument, that the note was regarded as in evidence, as defendant's counsel had made no objection to the same, to which ruling the counsel for defendant excepted.

And thereupon the counsel for the defendant proceeded to argue that as said note was held to have been read in evidence, yet that it did not support a cause of action, because the same did not appear to have been indorsed, and therefore could not be the basis of a cause of action, which proposition the Court held to be a question of law for its decision, and subsequently held to be incorrect, to which defendant excepted.

*C. B. Sabin*, for appellant.

*A. N. Jordan*, for appellee.

WHEELER, J. The note sued on was copied in the petition. It was produced in evidence upon the trial, and examined by the witness who testified respecting it. Its execution was not in issue ; there was no question of its genuineness, or that it was the identical note of which the petition contained a copy. The reading of it was not necessary to inform the Court and jury of its contents. Of that they were apprised by the copy. The defendant's counsel was not denied the right to inspect it, if he had thought proper ; and there is no rule of law or practice which requires that it should have been formally tendered to him for inspection, before it could be read in evidence. If he had desired to inspect it, he was not prevented from doing so, or of raising any objection he might have to its admissibility. When the objection was raised upon the argument, the Court might very well dispense with the reading of it, under the circumstances, and consider it in evidence. There is no error in the judgment and it is affirmed.

Judgment affirmed.